*197 OPINION.
Siefkin:
It is contended by the petitioner that the facts in this case closely parallel those which we considered in Edward Mallinckrodt, Sr., 4 B. T. A. 1112, in which we held that a transfer to a trust resulted in a deductible loss. The trust indenture in that proceeding was created by Edward Mallinckrodt, Sr., as donor, and the trustees were his son, Edward Mallinckrodt, Jr., and the St. Louis Union Trust Co. In this proceeding Edward Mallinckrodt, Jr., is the donor under the trust agreement and he is also a cotrustee with the St. Louis Union Trust Co. Except for this difference and *198 the resulting question that it raises, i. e., whether the petitioner, as a trustee, does not still retain some interest in the trust assets as an individual, it is clear that the provisions of the trust indenture effectually sever the legal and beneficial interest in the property from the petitioner. Thus the situation is the same as that considered in the previous case. If it once be granted that the trust is a valid one and that its terms govern the trustees, then it can make no difference that the petitioner is both donor and a trustee since, in the latter capacity, he can act only in accordance with the terms of the instrument. We have not had a brief from the respondent or any statement of the reasons for his position. On the record before us, however, we can not see any position which he could successfully urge which would justify us in denying the deduction as a loss.
Reviewed by the Board.

Judgment will he entered for the 'petitioner.